Date signed August 19, 2013



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| WILLIAM LAWRENCE LOWE | : | Case No. 11-25710PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| WAYNE H. FUNKHOUSER, | : | |
|   Personal Representative of the | : | |
|   Estate of Marsha Saunders | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 12-0020PM |
| | : | |
| WILLIAM LAWRENCE LOWE | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

The Plaintiff is the duly appointed and acting Personal Representative of the Estate of Marsha Lee Saunders ("Marsha"). In this Adversary Proceeding he seeks a ruling that the judgment entered against the Defendant (the "Debtor") by the Circuit Court for Prince George's County, Maryland, in the case of *Marsha Lee Saunders v. Nora Lee Funkhouser and William Lowe,* CAE 09-01954 (the "Judgment") (the "State Court Action"), be excepted from Debtor's general discharge. The Judgment was entered April 4, 2011, upon a jury verdict of $75,000.00. Plaintiff proceeds under the following sections of the Bankruptcy Code:

    **11 U.S.C. §523-Exceptions to discharge**

        (a)  A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b)
of this title does not discharge an individual debtor from any debt—
            (2)  for money, property, services, or an extension, renewal, or

>      refinancing of credit, to the extent obtained by—
>           (A) false pretenses, a false representation, or actual fraud,
>      other than a statement respecting the debtor's or an insider's
>      financial condition;
>           (4) for fraud or defalcation while acting in a fiduciary
>      capacity, embezzlement, or larceny.

Six months into this Proceeding, the parties filed papers that the court ultimately treated as cross-motions for summary judgment. *See* D.E. No. 27. The gist of both motions was that the court should apply the doctrine of collateral estoppel and rule in the respective party's favor based on the jury verdict rendered in the State Court Action. As explained in the court's Memorandum and Order On Cross Motions For Summary Judgment, D.E. No. 47, denying both motions, the standard of proof required for a showing of fraud in this Proceeding is that of preponderance of the evidence, not the clear and convincing standard required under Maryland law. *Compare Grogan v. Garner*, 498 U.S. 279, 286-287 (1991), and *In re Rountree*, 478 F.3d 215, 219 (CA4 2007) with *Gourdine v. Crews*, 955 A.2d 769, 791 (Md. 2008) and *Central Truck Center, Inc. v. Central GMC,* 4 A.3d 515, 521 n.6 (Md. App. 2010). Thus, the jury's finding against Plaintiff on the issue of Debtor's "Deceit/Fraud," as outlined in the verdict sheet, has no importance to this court's determination. However, the jury did find by a preponderance of the evidence - the standard applicable in this Proceeding - that Debtor had converted Marsha Saunders' house and funds.

The trial of this case is handicapped by the fact that the person who was the subject of Debtor's actions - Marsha Saunders - died before trial in the state court action. The evidence presented by the Plaintiff at trial was limited to exhibits and excerpts from Debtor's deposition of Marsha prior to the state court trial. The court found the deposition credible.

 On March 12, 2006, Marsha was shot in the head and left for dead by Bruce Looney, her boyfriend, who subsequently shot himself. Because Marsha was disabled, she accepted the offer of Debtor and his wife, Nora Lee Funkhouser ("Nora"),[1] to care for her person and her property. In so doing, Debtor and Nora assumed the role of fiduciaries. To further their ability to handle Marsha's affairs, Debtor and Nora created a forged power of attorney running to them from Marsha. With that, they caused the conveyance of Marsha's interest in her home at 12514 Kavanagh Lane, Bowie, Maryland (the "Property"), to themselves. This was accomplished

---

[1] Nora is the decedent's daughter, but from the moment of her birth Nora and Marsha were raised effectively as sisters by Marsha's mother.

without Marsha's knowledge or consent. After the 'sale' to Debtor and Nora and a refinancing, a check from the title agent in the sum of $55,028.82, payable to Marsha, was endorsed over to Nora and deposited in her account. In time Marsha's eviction from Kavanagh Lane was sought by Debtor and Nora. It appears this action raised Marsha's attention as to what had happened. She filed suit against Debtor and Nora and recovered judgments against them in the amounts of $75,000.00 and $125,000.00, respectively, on account of their actions in depriving her of her interest in her home and the equity. The jury verdict underlying the Judgment provided:[2]

### VERDICT SHEET
### As to William Lowe

**Deceit/Fraud**
1. Do you find by clear and convincing evidence that William Lowe made a material representation to the Plaintiff for the purpose of defrauding the Plaintiff of her house?

| | X |
|---|---|
| Yes | No |

**Conversion/Property**
2. Do you find by the preponderance of the evidence that William Lowe exercised control over the subject property that was inconsistent with the decedent ownership right?

| X | |
|---|---|
| Yes | No |

**Conversion Monetary**
3. Do you find by the preponderance of the evidence that William Lowe exercised control over the subject monies that was inconsistent with the decedent ownership right?

| X | |
|---|---|
| Yes | No |

4. What if any compensatory damages do you award the Plaintiff?

   $75,000 + 50% of all court costs and legal fees to the plaintiff

The court finds that the Verdict Sheet allows this court to enter judgment in favor of the Plaintiff under 11 U.S.C. §523(a)(4) based on the doctrine of collateral estoppel. Collateral

---

[2] 1. The Verdict Sheet entered in the State Court Action appears in the record as Exhibit A to Defendant's Supplement To Motion To Dismiss/Motion For Summary Judgment at D.E. No. 38.

estoppel applies to bankruptcy dischargeability proceedings. *See Grogan Garner*, 498 U.S. 279, 284-85 n.11 (1991); *In re Ansari*, 113 F.3d 17, 19 (CA4 1997); *Combs v. Richardson,* 838 F.2d 112, 116-117 (CA4 1988). When the parties have previously litigated an issue in state court, the Bankruptcy Court applies the collateral estoppel rule of the state. *In re Duncan*, 448 F.3d 725, 728 (CA4 2006). Maryland requires four elements for the doctrine to apply:

> (1) there was a final judgment on the merits in the prior litigation;
>
> (2) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior litigation;
>
> (3) the issue decided in the prior litigation is identical with the issue presented in the subsequent litigation;
>
> (4) the issue actually litigated was essential to the judgment in the prior action.

*Deitz v. Palaigos*, 707 A.2d 427, 434-35 (Md. App. 1998).

All four elements of the test are met here. There was a final judgment on the merits in the State Court Action, and the party against whom collateral estoppel is being asserted here was a party to that Action. The issue of conversion in the State Court Action is identical to the issue of larceny in this Proceeding,[3] and was essential to the Judgment. Although the State Court Action did not appear to concern whether the Debtor stood in a fiduciary capacity to Marsha, in this court's opinion, he did, and moreover, that he employed the fiduciary relationship to defraud Marsha and convert her property to his use.[4] Marsha was in a reduced physical condition, unable to care for herself. As the Debtor was living with Marsha at the time, he was able to intercept the title agent's check made payable to Marsha. As discussed by the Court of Appeals in *Gaggers v. Gilson*, 26 A.2d 395, 397 (Md. 1942):

> [A] fiduciary relation exists in every case 'in which there is confidence reposed on one side and the resulting superiority and influence on the other. The relation and the duties involved in it need not be legal; it may be moral, social, domestic, or merely personal.' Hensan v. Cooksey, 237 Ill. 620, 86 N.E. 1107, 1109, 127

---

[3] "The definition of larceny for Sec. 523(a)(4) purposes is a matter of federal common law." *In re Rose*, 934 F.2d 901, 903 n. 2 (CA7 1991) (citation omitted). "The offense of larceny requires a wrongful taking of property from the owner." *In re Hoffman*, 70 B.R. 155, 161 (BC W.D. Ark. 1986).

[4] While the court finds that a fiduciary relationship existed, the larceny element of 11 U.S.C. §523(a)(4) does not require Debtor to have been acting in a fiduciary capacity.

Am.St.Rep. 345, and cases there cited. 'The existence of the confidential relation creates a presumption of influence which imposes upon the one receiving the benefit the burden of proving an absence of undue influence by showing that the party acted upon competent and independent advice of another, or such facts as will satisfy the court that the dealing * * * was had in the most perfect good faith on his part and was equitable and just between the parties.' Thomas v. Whitney, 186 Ill. 225, 57 N.E. 808; Fish v. Fish, 235 Ill. 396, 85 N.E. 662; Curtis v. Curtis, 85 W.Va. 37, 100 S.E. 856, 8 A.L.R. 1091; 16 Am.Jur. p. 661, sec. 393.

For the foregoing reasons, the court shall issue an order and judgment finding that the Judgment against the Debtor constitutes a debt that is nondischargeable under 11 U.S.C. §523(a)(4).

cc:
Kenneth E. McPherson, Esq., 6801 Kenilworth Avenue, Suite 202, Riverdale, Md 20737
Anthony H. Davis II, Esq., 4301 Garden City Drive, Suite 300, Landover, MD 20785
Cheryl E. Rose, Trustee, 12154 Darnestown Road, Suite 623, Gaithersburg, MD 20878

**End of Memorandum of Decision**